# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3962

_____

Terry Wayne Johnson,                          *
ADC #83520,                                   *
                                              *
           Appellant,                         *
                                              *   Appeal from the United States
        v.                                    *   District Court for the Eastern
                                              *   District of Arkansas.
Doris Butler, Sgt. Maximum                    *
Security Unit, ADC; Ruthie Jones,             *   [UNPUBLISHED]
Corporal, Maximum Security Unit,              *
ADC; Kenzie L. McDaniel,                      *
Correctional Officer, Maximum                 *
Security Unit, ADC; David Knot,               *
Captain, Maximum Security Unit,               *
ADC; Jackie Davis, Captain,                   *
Maximum Security Unit, ADC;                   *
Jerome Adams; David White;                    *
Thomas James,                                 *
                                              *
           Appellees.                         *

_____

Submitted: March 18, 2008
Filed: March 21, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Terry Wayne Johnson appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following a pretrial evidentiary hearing. Johnson claimed that defendants provided inadequate security and thus failed to protect him from another inmate's surprise attack with a mop handle. Following careful review, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (standard of review for pretrial evidentiary hearing without jury demand), we find that Johnson did not show that defendants were deliberately indifferent "to a substantial risk of serious harm." See Farmer v. Brennan, 511 U.S. 825, 828 (1994). Specifically, Johnson's and others' testimony that Officer McDaniel left the mop closet unlocked in violation of prison policy showed only negligence, see Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997); Falls v. Nesbitt, 966 F.2d 375, 379-80 (8th Cir. 1992); Johnson's assertion that McDaniel acted knowingly--even if such conduct would show deliberate indifference--came too late, see Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000); McDaniel did not violate the Eighth Amendment by calling for backup rather than intervening in the fight, see Williams v. Willits, 853 F.2d 586, 587, 591 (8th Cir. 1988); and Johnson presented no evidence to support his allegation of inadequate staffing levels, see Tucker v. Evans, 276 F.3d 999, 1003 (8th Cir. 2002).

The judgment is affirmed.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.